## McWATTY vs. JEFFERSON COUNTY.

Where an execution has been issued against a defaulting county treasurer and his sureties for funds belonging to the county in his hands, such execution will subject a homestead set apart to a surety of the treasurer.

(a.) The great bulk of the county revenue in the hands of the county treasurer arises from taxes; and if an execution, issued against him and his sureties, includes other funds than those from taxes, it could have been shown by them from his accounts.

March 30, 1886.

Homestead. Tax. Principal and Surety. Officers. County Matters. Before Judge CARSWELL. Jefferson Superior Court. September Term, 1885.

On December 2, 1884, an execution issued under an order of the commissioners of roads and revenues of Jefferson county, against Weeks and the sureties on his bond as county treasurer, to collect an amount of the funds alleged to be in his hands, and which he faile l to pay to his successor at the close of his term of office. It was levied on certain property, and McWatty (one of the sureties), as the head of a family, interposed a claim, alleging that the property had been set apart to him as a homestead.

The case was submitted to the presiding judge, without a jury, under an agreed statement of facts, from which it appeared that the funds in the defaulting treasurer's hands arose from "county taxes and other sources." The judge held the homestead subject, and the claimant excepted.

W. L. PHILLIPS, for plaintiff in error.

GAMBLE & HUNTER, for defendant.

HALL, Justice.

Can the security upon the bond of a defaulting county treasurer, against whom an execution has issued for funds belonging to the county in the hands of the treasurer, take a homestead, which will exempt his property, set apart for that purpose, from the debt incurred by his obligation, for the fidelity of this principal? The superior court held that the exemption was not free from the liability thus incurred, for the reason that the execution was for taxes.

There is no doubt that an execution for taxes may be levied on property exempted as a homestead, and that the same may be sold to pay it; for it is, by the express terms of the constitution and laws, made liable therefor. Code, §§5210, 5211, 2002. The question is, therefore, whether this liability is one for taxes. In *Cahn et al. vs. Wright*, 66 *Ga*, 119, this court reviewed the former decisions upon the subject, and adjudged that the

v 76-23

comptroller general's execution against a defaulting tax collector and his sureties is an execution for taxes within the true intent and meaning of the constitution of 1868 and 1877, and may be enforced against property set apart and exempt from ordinary judgments, etc., in the possession of the collector or his sureties. It is quite true that in that case the tax collector, for whom the sureties were bound, was necessarily chargeable with nothing but money which he had either collected, or should have collected, as taxes; and that a county treasurer may have received a portion of the money with which he is chargeable from other sources than from taxation, as from fines and forfeited recognizances, and from the sales or rents of the county property, etc., since from these sources the county revenue is derived (Code, §528); and that all county funds, except such as may be specially excepted by law, are to be paid to and disbursed by the county treasurer (*Ib.*, 551); and it is made his duty to diligently collect from all officers and others all county dues, to examine the minutes and execution dockets of the different courts of the county, to demand and receive all moneys appearing to be due thereon, and to institute proceedings against defaulters. *Ib.*, §552, subsecs. 1 and 2.

It is evident that the great bulk of the county revenue comes from taxation. Various provisions of the law not only authorize, but would seem to require, the imposition and collection of taxes to enable the county officials to discharge the indispensable duties required at their hands, and which are carefully enumerated. Code, §§509 to 525, especially §514, which accurately specifies in its several paragraphs the numerous objects for which county taxes shall be assessed. There was no attempt made in this case to repel the presumption that this execution issued at least for a part of the tax in the hands of the county treasurer, or to show how much of the sum claimed to be due was derived from that and how much from other sources, which the defendants in the execution could have easily

done, had the treasurer, for whose official fidelity they were bound, performed his duty by keeping his accounts, stating all receipts of money, stating when received, who from and on what account, etc., and to exhibit his accounts to the grand jury or ordinary, etc., and to publish the same. Code, §553, sub secs. 5 to 9.

Judgment affirmed.